WALLACE, JUDGE:
On the morning of March 14, 1978, at approximately 7:30, the claimant was operating his automobile in a westerly direction on U.S. 60 in the City of Belle, West Virginia. The weather was clear but cloudy, and the road at the point of the accident was a two-lane blacktop road. The pavement was wet and covered with slush. The claimant testified that, as a car was approaching him from the opposite direction, he veered slightly to the right to avoid hitting the approaching motorist and hit a pothole which was obscured by water and slush on the right-hand side of the road.
Claimant testified that the pothole was in the extreme north side of the road, was at least 20 feet in length, and extended into the road anywhere from a foot to a foot and one-half. Claimant was travelling at about 25 miles per hour, and as a result of striking the hole, the two tires on the right-hand side of his car were ruined. Claimant testified that he incurred a charge of $147.09 to repair the damages to his car. Claimant admitted that he saw the pothole before striking it, but he did not realize the severity or size of the hole.
Consistently, this Court has followed the decision of our Supreme Court of Appeals in the case of Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), where it was held that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. This Court has further held that before the respondent can be held liable in a pothole case, there must be some showing that respondent knew *246 or should have known of the existence of the pothole. See Keith v. Department of Highways, 12 Ct. Cl. 199 (1978). The record is devoid of any evidence to this effect, and, as a result, an award in favor of the claimant cannot be made.
Claim disallowed.